## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**EVA MAE SAPP,**

      **Plaintiff,**

**vs.**                     **CASE NO. 4:05cv446-MP/WCS**

**JO ANN B. BARNHART,**
**Commissioner of the Social**
**Security Administration,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff initiated this

case through the filing of a complaint and paid the filing fee on November 23, 2005.

Doc. 1.  The clerk issued summons on November 29, 2005.  Doc. 4.   Pursuant to Fed.

R. Civ. P. 4(m), service must be completed within 120 days from the date of filing.  Rule

4(m), as amended in 1993, provides:

> If service of the summons and complaint is not made upon the defendant
> within 120 days after the filing of the complaint, the court, upon motion or
> on its own initiative after notice to the plaintiff, shall dismiss the action
> without prejudice as to that defendant or direct that service be effected
> within a specified time; provided that if the plaintiff shows good cause for
> the failure, the court shall extend the time for service for an appropriate
> period. . . .

Fed. R. Civ. P. 4(m)(1993).  The 1993 amendment substantially changed the discretion

exercised by federal courts under this rule.  Espinoza v. U.S., 52 F.3d 838, 841 (10th

Cir. 1995).  Although a showing of "good cause" was formerly required under the prior

rule, an extension of time may be granted to a plaintiff to avoid dismissal without a showing of good cause.  Henderson v. United States, 517 U.S. 654, 116 S. Ct. 1638, 1643, 134 L. Ed. 2d 880, 889 (1996) (recognizing the 1993 amendments accord judges "discretion to enlarge the 120-day period 'even if there is no good cause shown.'"), quoting the Advisory Committee Notes, Fed. R. Civ. Pro. 4.  Nevertheless, a satisfactory reason must be presented to avoid dismissal for failure to serve the complaint within 120 days.  Such reasons, if the exist, may be presented through objections to this report and recommendation or through a motion for reconsideration.

Additionally, no activity by way of filing of pleadings or otherwise has occurred in this case for a period of more than three (3) months.  Rule 41.1 of the Rules of the United States District Court for the Northern District of Florida empowers courts in this district to dismiss any civil action after such a three-month period of inactivity unless, after notice from the Court, satisfactory cause is shown why the case should not be dismissed.  Such an explanation of reasons must demonstrate good cause as to why no activity has been shown.  Additionally, the explanation must state what attempts at service have been made thus far.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to serve the complaint within 120 days as is required by FED. R. CIV. P. 4(m).

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2006.

      s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**